## Beard *vs.* Kimball & Trustees.

Assignments under the statute of July 5, 1834, made for the benefit of creditors, are valid *only where all the property of the assignor, real and personal,* except such as is exempt from attachment, has been assigned to be distributed, in proportion to their respective claims, among the several creditors of the assignor.

Where an assignment was made by an individual, " of all his property, real and personal, in the schedule annexed *particularly mentioned,*" to be paid out to the several persons named in the schedule, where all the names of the creditors were not mentioned, it was *held* to be invalid, as not showing either an assignment of all the property, or as made to all the creditors.

FOREIGN ATTACHMENT. In this case the trustees disclosed that the principal debtor, Kimball, executed to them an assignment of certain property described as follows, viz.: "all and all manner of goods, chattels, debts, demands, moneys, and all other things of the said Kimball whatsoever, as well real as personal, of what kind, nature or quality soever, in the schedule hereunto annexed particularly mentioned and expressed."

This property was assigned to them in trust, to be sold and disposed of within one year, and the proceeds appropriated in payment of the debts due the several persons named in the schedule annexed to the assignment, in proportion to the amount of their respective debts, by an equal rate per cent., the overplus, if any, to be paid to the defendant, Kimball.

The trustees farther disclosed, that they had realized, by sales of said property under the assignment, the sum of $156·09, over and above their expenses and charges in relation to the same; which amount they claim to pay out to the creditors in pursuance of the provisions of the assignment, unless otherwise directed by the court.

The assignment was verified by the oath of the debtor that he had assigned " all his property, as well real as personal, of what kind, nature or quality soever, or that had or might come to his knowledge, for the payment of all his just debts."

On these facts the case was submitted to the court for their decision.

*A. A. Parker*, for the plaintiff.

*Chamberlain*, for the defendants.

UPHAM, J.   The act for " the equal distribution of property assigned for the benefit of creditors," passed July 5, 1834, provides that no assignment made for the benefit of creditors, of any debtor assigning his property, shall be valid in law except the same shall provide for an equal distribution of all real, mixed, or personal estate, among the several creditors of the person or persons making such assignment, in equal proportion, according to their respective claims.

It does not appear clearly that the property assigned in this case constituted all the goods and estate of the principal debtor, for the reason that they are defined as being all the goods and estate of the debtor " in the schedule hereunto annexed, and particularly mentioned and expressed." Though the previous expressions assigning the property are very general in their character, they may, notwithstanding, be limited by the concluding clause ; and, if so limited, it is clearly not necessarily an assignment of all the debtor's goods and estate, as required by the statute.

A similar exception applies to that portion of the assignment providing for the payment of the proceeds realized from the sales of the property to the creditors of the assignor, " in the schedule annexed to the assignment."   The names of but a portion of the creditors were affixed to the assignment, consisting merely of those who voluntarily signed their names to it, agreeing to abide by its provisions.

The assignment, therefore, does not convey the property for distribution among the several creditors of the debtor, without restriction, as is required by the statute.

A farther objection to this assignment is, as to the manner

in which it is authenticated by the oath of the assignor. The statute provides that no assignment shall be valid, and have effect, until the person making the same shall have made oath " that he has placed and assigned, and the true intention of his assignment was to place in the hands of his assignees, all his property, of every description, except such as is by law exempted from attachment and execution, by an act for the relief of poor debtors, passed January 3, 1829, to be divided among his creditors in proportion to their respective demands."

The oath of the debtor is, that he has assigned " all his property, as well real as personal, of what kind, nature, or quality soever, or that has, or may come to his knowledge, for the payment of all his just debts." This may, perhaps, constitute a substantial compliance with the provisions of the statute ; but however this may be, the assignment is in other respects defective, and invalid, and passed no title to the property, under the statute. The trustees must, therefore, be holden to the plaintiff for the amount disclosed by them as in their hands, to the extent of the plaintiff's claim.

*Judgment for the plaintiff.*